IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK MARTINEZ,

        Petitioner,

vs.                              No. CIV-13-00194 WJ/ACT

DERRICK WILLIAMS, Warden, and
NEW MEXICO ATTORNEY GENERAL
GARY K. KING,

        Respondents.

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]</u>

THIS MATTER comes before the Undersigned on the Order of Reference by the Honorable William P. Johnson [Doc. 4] filed on March 4, 2013, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. The Court has directed the Undersigned to submit an analysis, including findings of fact, if necessary, and recommend disposition.  Accordingly, the Undersigned submits the following:

    1.  Frank, a/k/a Francisco, Martinez ("Martinez") filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on February 28, 2013 [Doc. 1.] Derrick Williams, Warden ("Williams") and New Mexico Attorney General, Gary K. King (collectively "Defendants") filed their Answer to Frank Martinez's Pro Se petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 9] ("Answer") on April 5, 2013. Martinez filed his "Response" to Defendants' Answer on April 25, 2013. [Doc. 10.] The Undersigned, having considered the parties' filings, the relevant law, and otherwise being fully advised, recommends that Martinez' Petition be DISMISSED on the grounds it is time-barred.

---

[1] The parties will be given the opportunity to object to the Report and Recommendation as described in 28 U.S.C. § 636(b)(1).  Objections must be filed within fourteen (14) days after being served with a copy of the Report and Recommendation.  A party waives the right to challenge the Magistrate Judge's Report and Recommendation if the party does not file timely and specific objections.

## Background Facts

2.    Martinez is currently in the custody of Respondent Williams pursuant to a valid Amended Judgment, Sentence & Commitment filed July 28, 2003, in the Thirteenth Judicial District Court, Cibola County, State of New Mexico, Cause No. D-1333-CR-0009300107. [Doc. 9-1 at 5 – 6.] On January 19, 1995, Martinez executed a Plea and Disposition Agreement by which he agreed to plead guilty to first-degree murder (Count I), first-degree criminal sexual penetration (Count II), second-degree conspiracy to commit murder (Count III), fourth-degree tampering with evidence (Count IV), and second-degree kidnapping (Count V). [Doc. 9-1 at 7 – 9.] On April 7, 1995, Martinez was sentenced to death by lethal injection for Count I. [Doc. 9-1 at 1.] On April 12, 1995, Martinez was sentenced to a term of 37.5 years for Counts II through V, "to run consecutively to the death penalty sentence that [Martinez] received in this cause." [Doc. 9-1 at 3 – 4.]

3.    On June 29, 1995, Martinez appealed his death sentence. [Doc. 9-1 at 10.] In the course of filing the record of proceedings for appellate review, counsel for Martinez noticed that the tape of the January 19, 1995 plea hearing was missing. [Doc. 9-2 at 20 – 23.] Consequently, Martinez filed a motion in the New Mexico Supreme Court for summary reversal and remand arguing that without a verbatim record of the plea hearing, it was impossible to know whether he knowingly and intelligently waived his right to a trial and sentencing by a jury.  [Doc. 9-2 at 20, 24 – 32.] The New Mexico Supreme Court denied the motion but ordered the district court to hold an evidentiary hearing for the purpose of reconstructing the record. [Doc. 9-2 at 33.] Martinez' Renewed Motion for Summary Reversal filed on March 9, 1998, was also denied. [Doc. 9-2 at 35 – 37, 41]   A reconstruction hearing was conducted on February 2, 1998,[2] however, Martinez was not present. [Doc. 9-2 at 50 -76.] Following the reconstruction hearing, the court found, among other things, that Martinez knowingly and intelligently entered his guilty plea, [Doc. 9-2 at 42 – 48], Martinez filed a Second Renewed Motion for Summary Reversal on November 16, 1998, arguing his absence from the reconstruction hearing was a violation of his Constitutional rights. [Doc. 9-4

---

[2] While the transcript of the first reconstruction hearing notes it was conducted on February 2, 1998, [Doc. 9-2 at 51], it appears that a typographical error occurred in subsequently filed court documents noting the first reconstruction hearing as having taken place on February 10, 1998. [Including, Docs. 9-2, at 49; 9-4 at 1; 9-5 at 10.]

at 2-3.] Again, the New Mexico Supreme Court denied the motion, but held, *inter alia*, that the reconstruction hearing was improperly conducted and the trial court had inadequately advised Martinez of his sentencing rights. [Doc. 9-6 at 1 – 12.] As its remedy, the court vacated Martinez' death sentence and remanded the case to the district court for a new sentencing proceeding, pending the result of the new reconstruction hearing. [Doc. 9-6 at 11.] The court ordered that Martinez must be present at the new reconstruction hearing. *Id.* On November 7, 2002, a second reconstruction hearing was conducted in which the court found that Martinez' plea to first Degree Murder on January 19, 1995 was voluntarily, knowingly, and intelligently made. [Doc. 9-7 at 17.]

4.  On June 20, 2003 the State and Martinez executed a Disposition Agreement on Remand,  the terms of which provide that the State agrees to withdraw its notice of intent to seek the death penalty in exchange for Martinez' agreement to the imposition of a life sentence to run consecutively to all other sentences previously imposed. [Doc. 9-7 at 29 – 32.] An Amended Judgment, Sentence & Commitment ("Amended Judgment") reflecting the terms of the parties' agreement was entered on July 28, 2003. [Doc. 9-7 at 33 – 34.] Martinez did not appeal the Amended Judgment.

5.  More than six years later, on November 17, 2009, Martinez filed a state Petition for Writ of Habeas Corpus in the Thirteenth Judicial District Court. [Doc. 9-8 at 1- 33.] On March 7, 2011, the state district court dismissed the petition for lack of prosecution. [Doc. 9-9 at 1.] On May 13, 2011, the New Mexico Supreme Court advised Martinez they had received his petition for writ of certiorari that same day, but were returning it because it was untimely filed passed the deadline of April 7, 2011.  [Doc. 1 at 20.]

<u>Discussion</u>

6.  The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations period for state prisoners to file federal habeas corpus petitions, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeing such review." *Gonzalez v. Thaler*, 132 S. Ct. 641, 646, 181 L. Ed. 2d 619 (2012) (quoting 28 U.S.C. § 2244(d)(1)(A)).  In *Gonzalez*, the Supreme Court explained that the text of § 2244(d)(1)(A),

which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. *Id.*, 132 S.Ct. at 653. Each prong relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to the Supreme Court, the judgment becomes final when the Supreme Court affirms a conviction on the merits or denies a petition for certiorari. *Id.* For all other petitioners, the judgment becomes final when the time for pursuing direct review in the Supreme Court, or in state court, expires. *Id.*, 132 S.Ct. at 653-54. In *Gonzalez*, because the petitioner did not appeal his conviction to the states' highest court, the judgment became final when his time for seeking review with the state's highest court expired. *Id.*, 132 S.Ct. at 654.

7. Similarly, in this case, Martinez did not appeal his conviction to the New Mexico Supreme Court, therefore, the judgment became final when his time for seeking review with that court. In New Mexico, the time limit for seeking review with the New Mexico Supreme Court is thirty (30) days following the final judgment. NMSA 1978 § 39-3-3(A)(1). Accordingly, the Amended Judgment became "final" on August 28, 2003, and the limitations period under the AEDPA began to run. Martinez had until August 28, 2004, in which to file a petition for writ of habeas corpus with this Court, which he did not do. Martinez did not file the instant Petition until February 28, 2013, almost nine years after the expiration of the limitations period. [Doc. 1.]

8. Further, Martinez failed to file any post-conviction relief that would have tolled the one-year limitations period. The limitations period set forth in the AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In order to toll the limitations period under § 2244(d)(2), an application for post-conviction relief must be filed within the one-year limitations period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir.2006), *cert. denied*, 551 U.S. 1149, 127 S.Ct. 3007, 168 L.Ed.2d 733 (2007). While Martinez sought post-conviction relief in the form of a petition for a writ of habeas corpus in the state court, that petition was filed on November 17, 2009, more than six years after the Amended Judgment became final on August 28, 2004. Therefore, the November 2009 petition did not toll the limitations period of the AEDPA because it was not filed within the one-year limitations period.

9.   Finally, Martinez does not present any evidence that would support equitable tolling of the limitations period under the AEDPA.  AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and quotations omitted). Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period, *Id.* Simple excusable neglect is not sufficient. *Id.* Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling. *Id.* In this case, Martinez is not actually innocent, as he has pled guilty to all of the charges and no court has ever overturned his guilty plea. There is no evidence or allegations that he was prevented from timely filing and Martinez did not actively pursue judicial remedies as demonstrated by his lack of taking any action until well outside the statutory period.

10. Martinez claims that the public defender "said he would work on everything then he just stop[ped] answering my letters." [Doc. 1 at 13.]  Martinez' attempt to place the blame on his attorney does not assist him. In *Holland v. Florida*, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010), the Court held that counsel's ineffective communication may be "extraordinary" enough to justify equitable tolling in certain circumstances. *Id.* at 2564. However, Martinez advances no evidence demonstrating that despite his diligence, his attorney acted extraordinarily in failing to communicate. Merely stating that there was ineffective communication, without more, is insufficient to warrant equitable tolling. *Santini v. Clements*, 498 F. App'x 807, 810 (10th Cir. 2012). Here, Martinez' claim that his attorney stopped answering his letters is insufficient to warrant equitable tolling for over nine years.

## RECOMMENDED DISPOSITION

Since Martinez' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person  [Doc. 1] was filed more than one year after the limitations period set forth in the AEDPA and the limitations

period was not tolled by the filing of post-conviction relief or subject to equitable tolling, I recommend that it be DENIED and this case dismissed with prejudice.


Alan C. Torgerson
United States Magistrate Judge