IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK MARTINEZ,

      Petitioner,

vs.                                           No. CIV-13-00194 WJ/ACT

DERRICK WILLIAMS, Warden, and
NEW MEXICO ATTORNEY GENERAL
GARY K. KING,

      Respondents.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND REDCOMMENDED DISPOSITION [1]

THIS MATTER comes before the Court on the Magistrate Judge's Report and Recommendation [Doc. 14] filed July 16, 2013 ("Report"). Petitioner Frank Martinez ("Martinez") filed a "Response to Recommendation" [Doc. 19] on July 31, 2013 ("Objection").[2]

In his Objection, Martinez claims that extraordinary circumstances prevented his timeliness and diligent pursuit of his claims and requests that equitable tolling be applied. [Doc.19 at 1.] The federal Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") establishes a one-year statute of limitations period for state prisoners to file federal habeas corpus petitions running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeing such review." *Gonzalez v. Thaler*, 132 S. Ct. 641, 646, 181 L. Ed. 2d 619 (2012) (quoting 28 U.S.C. § 2244(d)(1)(A)). Martinez did not appeal his conviction to the New Mexico Supreme Court, therefore, the judgment against him became final when his time for seeking review with that court expired on August 28, 2003. [Doc. 14 at 4.] AEDPA's one-year statute of limitations is subject to equitable tolling

---

[1] Martinez prematurely appealed the Magistrate Judge's Report and Recommendation to the United States Court of Appeals for the Tenth Circuit. [Doc. 18.] The Tenth Circuit, recognizing that a magistrate judge's recommendation does not constitute a final, appealable decision, dismissed the appeal for lack of jurisdiction. [Doc. 20.]

[2] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. *United States v. Berryman*, No. 11-CV-02708-WYD-KLM, 2012 WL 3245415,*5 (D. Colo. Aug. 8, 2012). While Martinez' Response does not identify specific findings or recommendations to which he objects, it is submitted in response to the Report and therefore will be construed as an objection.

but only in rare and exceptional circumstances. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and quotations omitted). There are no exceptional circumstances present in this case that would make equitable tolling appropriate.

Martinez argues first that he is entitled to equitable tolling because had no knowledge of the reconstruction hearing. Martinez claims that "[w]hen the Supreme Court ordered a hearing of reconstruction of the guilty plea . . . this order never took place. To which Mr. Martinez had no knowledge of this order till after he was already re-sentenced in 7-28-2003." [Doc. 19 at 1.] It appears Martinez is claiming that he had no knowledge of the reconstruction hearing on November 7, 2002 until after the Amended Judgment, Sentence & Commitment filed on July 28, 2003. [Doc. 28, 2003.] The record does not support this contention.

While it is true that Martinez was not present for the first reconstruction hearing on February 2, 1998, [Doc. 9-2 at 35 – 37, 41] Martinez' absence from the first reconstruction hearing does not warrant equitable tolling as there was no final judgment which began the running of the statute of limitations under the ADEPA. After the first reconstruction hearing, Martinez filed a Second Renewed Motion for Summary Reversal arguing his absence from the reconstruction hearing was a violation of his Constitutional rights. [Doc. 9-4 at 2 – 3.] The New Mexico Supreme court agreed the first reconstruction hearing was improperly conducted in his absence and ordered that Martinez must be present at a second reconstruction hearing. [Doc. 9-6 at 11.] Martinez did not file any subsequent motions or objections to the manner in which the second reconstruction hearing was conducted. Martinez does not cite any part of the record that supports his contention that he was not informed of, or present at, the second reconstruction hearing. Martinez does not present any evidence to overcome the presumption that he was present for the second reconstruction hearing on November 7, 2002. Further, Martinez signed the Disposition Agreement on Remand on June 20, 2003. [Doc. 9-7 at 31.] Therefore, Martinez clearly had knowledge of the circumstances surrounding his sentencing prior to July 28, 2003. Additionally, the one year statute of limitations did not begin to run until August 28, 2003. Therefore, Martinez' presence at the second

reconstruction hearing has no bearing on the issue of equitable tolling because it took place well before the judgment became final on July 28, 2003.

Second, Martinez points out that the charges associated with the murder charge have been dismissed. [Doc. 19 at 2.] The record reflects that Martinez was initially sentenced to death for the Capital Murder charge on April 7, 1995 [Doc. 9-1 at 1] and sentenced on the associated charges April 12, 1995. [Doc. 9-1 at 3.] The Court acknowledges that the criminal docket notes that Counts 2 through 6 were dismissed by the prosecutor on January 19, 1995. [Doc. 9-9 at 3.] However, the Amended Judgment, Sentence & Commitment dated July 28, 2003, orders that the "[the sentence for first degree murder] shall be served CONSECUTIVELY to the several terms of confinement previously ordered herein for associated crimes of Criminal Sexual Penetration, Conspiracy to Commit Murder, Tampering with Evidence and Kidnapping, as set forth in the Supplemental Judgment, Sentence and Commitment filed June 20, 1995." [Doc. 9-1 at 5 – 6.] It is, therefore, unclear from the record whether the associated crimes have been completely dismissed. Regardless, this observation by Martinez fails to support his argument for extraordinary circumstances that would warrant equitable tolling.

Third, Martinez claims that his attorney suppressed DNA evidence that he believes is favorable to him and should be considered as new evidence. [Doc. 19 at 3.] Presumably, Martinez is alluding to the "actual innocence" gateway discussed by the United States Supreme Court in *McQuiggin v. Perkins* 133 S.Ct. 1924 (2013). In *McQuiggin*, the Supreme Court held that if a prisoner can establish "actual innocence" with new evidence, that "serves as a gateway through which a petitioner may pass" if the expiration of the statute of limitations has past. *Id*., 133 S.Ct. at 1928. However, the Court cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

In this case, Martinez fails to meet the threshold requirement because he does not actually present the Court with any evidence. Rather, Martinez simply offers his own self-serving conjecture that he

3

believes the DNA evidence is favorable to him. [Doc. 19 at 3.] Martinez cannot establish that there is in fact any "new evidence" nor that the alleged evidence would establish his actual innocence. Accordingly, Martinez cannot use the alleged DNA "evidence" as a gateway though which he may pass through the impediment of the expiration of the statute of limitations.

## Conclusion

For the foregoing reasons and for the reasons set forth in the Report and Recommendation, the Court adopts the Magistrate Judge's Report and Recommendation and dismisses this case with prejudice.

_____
United States District Judge